[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a breach of contract action which the plaintiff brought when the defendants did not take title to certain Bridgeport real estate as agreed. The defendant interposed second and third special defenses excusing performance alleging respectively commercial impracticability and frustration of purpose which the plaintiff has now moved to strike. In neither special defense do the defendants sufficiently factually allege that the contract has been rendered unenforceable by the occurrence of some event, the non-occurrence of which was a "basic assumption" on which both parties made the contract. Both special defenses are therefore struck. See Restatement 2d. Contracts, 261, 265.
Turning first to the commercial impracticability second special defense, neither defendant has pled that the plaintiff had agreed that a "basic assumption" on which the contract was made was the continuation of existing market conditions and of the buyers' financial situation from date of contract signing until closing of title. Without such an agreement, they are normally not such assumptions and do not cause discharge of contractual responsibilities under the rule. See comment b, section 261 Restatement 2d of Contracts. To give rise to discharge, non occurrence of basic assumptions must involve such basic assumptions as were common to both parties at the time of making of the agreement. Here there is no allegation that the plaintiff Scinto partook of the assumption of continued good CT Page 3679 market conditions, and for lack of it, the count must be struck.
Turning finally to the frustration of purpose defense, it must first be pointed out that paragraph one of the third special defense states only that the defendants agreed to purchase in order to build moderate cost multiple family housing. It does not say the plaintiff ever agreed to any contingency or basic assumption about the continued viability of that purpose from the time of contract signing to the scheduled date of closing. See section 261, Restatement 2d of Contracts. It has been stated in Cutter Laboratories v. Twining, 221 Cal.App. 2
d at 315, 34 Cal.Rptr. at 324, that in applying the frustration excuse courts look to see if "the fundamental reason of both parties for entering into the contract has been frustrated." Applicability of the doctrine depends on the near total destruction of "the purpose for which, in the contemplation of both parties, the transaction was entered into . . . the primary purpose for which the contract was made. Waegemann v. Montgomery Ward Co., 713 F.2d 452, 454-55 (90th Circ. 1983).
The defendants cite ALCOA v. Essex Group, Inc.,499 F. Sup. 273 for the proposition that it is enough if some purpose "from the defendant's point of view" has been frustrated.
The ALCOA case is not persuasive to this court. See Restatement 2d of Contracts, 265, pg. 334-35. The comment to 265 states that "it is not enough that [the party asking recission] had in mind some specific object without which he would not have made the contract. The object must be so completely the basis of the contract that as both parties understand, without it the transaction would make little sense." See also comment b. Restatement 2d of Contracts 261; Comments 1 and 4 to 2-615a Uniform Commercial Code. "Alcoa has had little impact on judicial thought, "Halpern, Application of the Doctrine of Commercial Impracticability, 135 V. Pa. L. Rev. 1123, 1126-27 (1987). See also: Printing Industries Association v. Graphic Arts Intern, 628 F. Sup. 1103, 1110. (N.D. Oh. 1985). ". . . [A promisor's] own poor judgment and mistakes cannot alone excuse its performance." L. A. Power 
Light v. Allegheny Ludlum Ind., 517 F. Sup. 1319, (E. D. La. 1981); Wabash, Inc. v. Avnet, Inc., 516 F. Sup. 995, 999.
Because of the failure of the third special defense to allege sufficient facts to demonstrate that a sustained good housing real estate market was an express agreement of all the parties or "basic assumption" on the part of the plaintiff as well as the defendants, the third special defense is struck.
FLYNN, JUDGE CT Page 3680